MARÍA CINTRÓN ET AL, ETC., Plaintiffs and Appellants, v. WEST INDIA OIL COMPANY, Defendant and Appellee.

No. 7540.   Argued March 12, 1940.—Decided May 29, 1940.

*Diego O. Marrero* and *Luciano Colón* for appellants.   *Brown, González & Newsom* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

This is an action for damages brought by María and Angela Cintrón against West India Oil Company, in which they claim $4,999 as damages, plus costs, expenses and attorney's fees, for the death of Angel Cintrón, son and father respectively of the plaintiffs.

It is alleged by the plaintiffs that between 8 and 9 p.m. on June 10, 1934, a Ford automobile belonging to defendant and driven by its employee Luis Costas over the highway from Ponce Playa to Ponce city, ran over Angel Cintrón

who was riding a bicycle in the opposite direction. The driver of the Ford automobile is charged with the negligent act of driving along the left side of the road with absolute disregard of the life and safety of the several people who were entitled to the use of said highway.

The defendant answered and admitted the accident but denied that the same had been due to the negligence of its employee and pleaded, on the contrary, that the collision between the automobile and the bicycle was solely and exclusively due to the negligence, carelessness and rashness of Angel Cintrón who was riding his bicycle exceedingly fast, without headlight, zigzagging across the road and quite drunk.

The district court, after hearing a great deal of evidence submitted by both parties, the transcription of which fills 554 pages, entered judgment for defendant, without special pronouncement as to costs.

The plaintiffs appealed and have assigned in their brief five errors as having been committed by the trial court, all of which in connection with the weighing of the evidence by said court.

The first error assigned is to find that defendant's car was driving as is the rule along its right side of the road; the second, to find that the preponderance of the evidence as to the way in which the accident occurred favored the defendant; the third, to find that the negligence of Angel Cintrón was the proximate and direct cause of the accident; the fourth, to find that there was no negligence chargeable to the defendant or to the driver of its car; and the fifth, to enter judgment against the plaintiffs.

■■ In our judgment none of the errors assigned by the appellants was committed by the trial court. As usually happens in similar cases, the evidence was conflicting in several respects; but the court, which saw and heard the witnesses, resolved the conflict in favor of the defendant, and it has been already settled by this court that unless the evi-

dence has been erroneously weighed or the trial court has been moved by passion, prejudice or bias, we will not disturb its findings.

It would be tiresome to sum up the testimony of the witnesses who took the stand in the case at bar, but it should be stated that none of those produced by the plaintiffs saw the accident. In this connection the lower court said:

"The court can not rely on the testimony of the witnesses for the plaintiffs who appeared as eyewitnesses, because, as appears from their own testimony, none of them saw the accident; all of them testify to have having felt, that is, to having heard the noise produced by the collision between the bicycle and the automobile. These witnesses, moreover, were successfully impugned by defendant's witnesses and the affidavit of Clemente Mercado.

"The only witnesses who actually saw how the accident happened were Luis Costas and Jorge Gutiérrez, who were traveling in defendant's car."

This finding of the lower court is amply supported by the evidence.

In connection with the first, second, and fourth errors assigned, Corporal Policeman Evangelista Rosario and Policeman Alberto Martínez testified regarding the traces or tracks left by the car in applying the brakes. On being questioned where such traces began, Alberto Martínez answered as follows:

"They started on the right hand side of the road, coming from the Playa towards Ponce, in a straight line for four or five meters and then suddenly curved to the left and marked the remaining meters diagonally, rather they cut across the road towards the left."

Corporal Policeman Rosario, on being questioned in this respect by defendant's attorney, answered as follows:

"Did you measure the tracks?
"I did.
"With what?
"By striding over them.
"Where did they start?

"They started....—I have already told the direction of the truck that collided; they started from a distance of about fourteen, sixteen or eighteen steps, I can not tell exactly, up to the spot where the car stopped on the left-hand side very close to the gutter.

"By attorney González:

"On which side did the tracks start?

"On the right-hand side.

"Are you sure of that?

"I am sure.

"And did they end on the left-hand side?

"They did."

So that even leaving aside the testimony given by the two only eyewitnesses of the accident, who were those traveling at the time in defendant's automobile, the conclusions reached by the trial court concerning the first, second and fourth assignments of error would always be supported by the testimony of unbiased persons such as Rosario and Martínez.

Let us now consider the third error assigned by the appellants. In the opinion in support of the judgment appealed from, the trial judge declared the following facts, among others, to have been satisfactorily shown:

"On June 10, 1934, Luis Costas, an employee of defendant, was driving in the course of his employment the said automobile from the Playa de Ponce to the city along the highway, keeping to the right, between 8 and 8:30 p.m., together with Jorge Gutiérrez, also an employee of defendant.

"While the automobile in question so driven was passing kil. 113 along the highway, with lights on, at a moderate speed and keeping to the right, its chauffeur Costas saw about 150 yards away Angel Cintrón who was coming in the opposite direction riding a bicycle keeping to his left, that is, on the side of the road along which the automobile was traveling. Chauffeur Costas then drove nearer to the middle of the road leaving room for the cyclist to proceed in the direction the latter had taken. At this stage and when the bicycle and the car were only 15 feet apart Cintrón suddenly tried to cross the road. Costas endeavored to avoid the accident swerving the car to the left of the road until the two front wheels went into the gutter where the car stopped. In spite of this maneuver of Costas

the bicycle collided against the right mudguard of the car and as a result of the collision Angel Cintrón sustained the injuries from which he died. Besides, the front wheel of the bicycle was twisted."

He had his doubts, however, as to whether Angel Cintrón was in a drunken condition that night.

Even if the trial judge had found that Angel Cintrón was not drunk the night of the accident, if we admit that Cintrón crossed the road when the distance between the bicycle and the car was only 15 feet and was run over by the car driven by defendant's employee, it must necessarily be concluded that the action of Cintrón was the proximate and direct cause of the accident and, therefore, that it was not error for the court to make such finding. The evidence is more than sufficient to sustain the findings of the judge.

The fifth error assigned does not deserve consideration. It could only have been sustained if either of the preceding errors assigned should have been declared well founded.

The judgment appealed from must be affirmed.